IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA, )
)
)
v. ) Crim No. 98-0139
)
DAMIEN D. DUKES. )
)

MEMORANDUM ORDER

Defendant, Damien Dukes, has filed a pro se motion [Doc. No. 470] for a sentence reduction under 18 U.S.C. § 3582(c)(2) based on the United States Sentencing Commission's recent amendment to the crack cocaine guideline. See U.S.S.G. § 2D1.1(c) (2007). The government opposes defendant's motion, [Doc. No. 474] arguing that the crack cocaine amendment does not apply to defendant because his offense involved powder cocaine, not crack cocaine. For the reasons set forth below, defendant's motion will be DENIED.

18 U.S.C. § 3582(c)(2) provides that:

> in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

According to the applicable policy statement in U.S.S.G. § 1B1.10, eligibility for a sentence reduction under this provision is

triggered only by amendments designated for retroactive application in U.S.S.G. § 1B1.10(c). See U.S.S.G. § 1B1.10 cmt. n. 1. The Commission has included the crack cocaine amendments, 706 and 711, in § 1B1.10(c).[1] A defendant is not eligible, however, to a reduction in his term of imprisonment if, among other things, the amendments listed in subsection (c) are not applicable to the defendant. See U.S.S.G. § 1B1.10 cmt. n. 1.

Here, defendant and several co-conspirators were charged with conspiracy to distribute and possess with intent to distribute in excess of 5 kilograms of cocaine and in excess of 50 grams of cocaine base, in violation of 21 U.S.C. § 846. Defendant's role in the conspiracy, however, is limited to the distribution of cocaine. The pre-sentence report indicates that the parties stipulated that at least 5 kilograms but less than 15 kilograms of cocaine was attributable to defendant's participation in the conspiracy. The court sentenced defendant to a term of imprisonment of 151 months.

Upon review of defendant's role in the offense, the sentence imposed, and the requirements of 18 U.S.C. § 3582(c)(2) and U.S.S.G. § 1B1.10, the court finds that the crack cocaine amendment does not apply to defendant because his role in the offense related to powder cocaine, not crack cocaine. Thus, Amendment 706 to U.S.S.G. § 2D1.1 (c) does not apply and defendant

---

[1] Amendment 706 to the Sentencing Guidelines changed the drug quantity table in U.S.S.G. § 2D1.1 and decreased by two the base offense level assigned to each threshold quantity of cocaine base or crack cocaine. See U.S.S.G. § 2D1.1; U.S.S.G. app. C, amend. 706 (Supp. 2007).

is not eligible for a reduction in sentence. Accordingly, defendant's motion [Doc. No. 470] is DENIED.

BY THE COURT:

/s/ G.L. Lancaster, J.

4/25/08

cc: All Counsel of Record